IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA

v.  No. 13-4273

KEEGAN LEAHY, et al.

\* \* \* \* \* \* \* \* \* \* \* \* \*

**APPELLANT'S REPLY TO RESPONSE
TO MOTION FOR RELEASE
PENDING COMPLETION OF APPEAL**

Comes now the Appellant herein, Keegan Leahy, through his counsel, Michael D. Montemarano, Esq., and Michael D. Montemarano, P.A., court-appointed appellate counsel pursuant to the CJA, and in order to allow Mr. Leahy to remain at liberty pending the resolution of the appeal in this matter, having so moved this Court on June 13, 2013, DOC # 26-1, now replies to Appellee's Response thereto, filed on June 20, 2013, DOC # 31-1, and in support thereof does state as follows.

**Factual and Procedural Background**

Undersigned counsel did not represent Mr. Leahy at trial. Undersigned counsel did not represent Mr. Leahy at sentencing. Undersigned counsel was appointed by this Court on April 12, 2013, DOC # 2, to carry forward the appeal in this matter, and timely filed a docketing statement on April 23, 2013, DOC # 5. As a part of this representation, undersigned counsel was authorized by the Court to complete the record below regarding the issue of an appeal bond, which had not been perfected by trial counsel, who had been released from the case by the district court shortly after sentencing, inasmuch as the completion of the record below is a

necessary precondition to the consideration of the issue by this Court. *See* F.R.A.P. 9.

Accordingly, undersigned counsel is by means competent to address the factual background to this trial, as the seven weeks of trial transcript have not yet been completed and filed. Mr. Leahy therefore respectfully submits that, notwithstanding the lengthy recitation of facts provided by Appellee in its Response, it cannot but be remembered that Mr. Leahy was convicted solely of the included offense under 21 USC § 841(b)(1)(D), and the Travel Act count, 18 USC § 1952, being acquitted of the overarching marijuana conspiracy described by Appellee, as well as the money laundering counts. Appellee's extended description of the *charges* against Mr. Leahy, as opposed to a focus upon the counts of conviction of Mr. Leahy, constitutes no more than an attempt by Appellee to distract this Court from the requirements of F.R.A.P. 9 regarding the standards for release pending completion of an appeal.

### The district court found Mr. Leahy was not a risk of flight

But for that the district court found Mr. Leahy to pose no risk of flight, a finding made by the standard of clear and convincing evidence, as correctly identified by Appellee, the district court would not have permitted him to self-surrender, nor afforded him the opportunity to perfect his argument regarding an appeal bond. Self-surrender was recommended by U.S. Pretrial Services. *Motion* at 7, DOC # 26-1. Notwithstanding Appellee's argument to the contrary, *Response* at 8, it fails to acknowledge this requirement of the Bail Reform Act, 18 USC § 3143(b), in the same way the district court made this very same finding after return of the verdict, under § 3143(a). As previously set out by Mr. Leahy, *Motion* at 5, DOC # 26-1, the district court made exactly this finding regarding both self-surrender and for release pending appeal, in order to release Mr. Leahy.

> THE COURT:    But to the extent that this is governed by 3143(b) as opposed to A, I conclude that at least on the state of the record I have before me and with the recommendation of pretrial services, there is clear and convincing evidence that he's not likely to flee and I've already concluded that he's not likely to be a danger to the safety of any other person or the community if released. And I also find that the appeal is not for purposes of delay.

T. April 1, p. 129, lines 14-22, DOC # 26-2. The act of release was based upon the very finding of which Appellee now attempts to deny exists. Its suggestion to the contrary is at the least misleading.

Furthermore, this is a finding from which the district court did not retreat in its order denying the motion for an appeal bond. The district court did not revise or retrench upon its prior finding regarding the lack of any risk of flight.

> The Court permitted him to remain free, subject to conditions of release, pending his self-surrender date of May 20, 2013, having found by "clear and convincing evidence" that he was "not likely to flee or pose a danger" to himself or the community. *See* 18 U.S.C. § 3143(a)(1).

DOC # 26-5. Rather, the district court simply found the establishment of this lack of risk to be immaterial to the dispositive question, that of a "substantive issue," involved in the appeal. *Id.* It is to this concern which Mr. Leahy's *Motion* and this *Reply* are directed.

### Mr. Leahy's appeal comprehends a "substantial question"

Appellee attempts to set the bar for this issue so high that it cannot be overleaped. In doing so, which position of course benefits its argument, Appellee chooses to ignore not only the views of the district court expressed at sentencing, but the proper standard to be applied to this analysis.

> THE COURT:    Now Mr. Cariglio [defense counsel] has raised questions to go to the heart of that. If I did not give the correct instruction to the jury on willful blindness or gave one that I shouldn't have given, that could be one that

3

> would result in a reversal and I think I did the right thing. But reasonable minds could differ considerably on that question, couldn't they?

T. April 1, p. 127, lines 10-16, DOC #26-2.[1]  Viewed through an incorrect lens, the view necessarily must be distorted.  Mr. Leahy suggests that, unimpeded by this incorrect analysis, this Court will be able to apply the correct calculus, which will necessitate Mr. Leahy's release.  The district court during the sentencing did correctly identify the standards to be applied on this issue, which Appellee wholly distorts.

THE COURT:    And I also find that the appeal is not for purposes of delay. And while I may disagree with how the issue ought to be decided, that he's raised a substantial question of law or fact. If we apply the non-literal reading of likely to result in one of these four things, in the more generous reading of it that the Third Circuit gave, I conclude that in this case not that it's going to be a reversal or for any trial or sentence that doesn't include imprisonment, although it could. But that the reduced sentence to a term of imprisonment less than the total of the time already served, plus the expected duration of the appeal process. I think that I don't want to have a situation where I have made an error and this gentleman has been sitting in a jail cell for a period of time only to find that he shouldn't have been there in the first place. So that's my preliminary ruling and without prejudice to the government to file a motion and we'll bring it on for a hearing right away.

T. April 1, p. 129, line 21 to p. 130, line 14, DOC # 26-2.

The district court went wrong in choosing to misapprehend the correct definition of "substantial."  When the question of the likelihood of success on the issue is conflated with the potential outcome flowing from such success, the analysis necessarily goes off the rails.  The question in this analysis is not whether an appellant will succeed, rather it is one of what would such success comprehend.  A minor issue, or one involving the admission of cumulative but

---

[1]  It is with no little chagrin that undersigned counsel must note that the page and line citation for this quote was incorrectly set forth in the *Motion,* at 7.

prejudicial evidence, even if success is conceded by the appellee, would not serve as a basis for release pending appeal, because success would not occasion a reversal. What is required, and Congress intended, and the district court misconstrued, is that "the defendant's appeal presents a substantial question of fact or law *likely to result in reversal if the appellate court finds for the defendant*." *United States v. Lamp,* 606 F.Supp. 193, 198 (W.D. Tex. 1985), *aff'd,* 868 F.2d 1270 (1989) (emphasis supplied).

The question is **NOT**, nor can it be, whether the appellate court will find for the defendant – that is immaterial, as this question sets an incomprehensibly high standard, and one which no appellate counsel reasonably could be expected to approach. This inquiry blurs the line between the pre-appeal entitlement to release, at a point when transcripts have not been prepared and the trial file remains undigested, and the interplay of issues, evidence and record is unreviewed, and the post-appeal entitlement to reversal, by which point the appeal record is indeed fully developed, researched and argued in writing. To suggest to the contrary, as Appellee does, would be to defeat, if not entirely ignore, "the announced purpose of Congress, ... [which] was, bluntly, that fewer convicted persons remain at large while pursuing their appeals." *United States v. Powell,* 761 F.2d 1227, 1232 (8th Cir.1985), *citing United States v. Giancola*, 754 F.2d 898, 900-901 (11th Cir.1985). In that Appellee cites *Giancola* with approval, *Response* at 11 (within the citation to *United States v. Steinhorn*, 927 F.2d 185, 196, (4th Cir.1991)), it is difficult to comprehend this deliberate misstatement of the appropriate analysis to be applied.

As acknowledged by the district court, "reasonable minds" could differ on the correctness of the instruction on willful blindness, T. April 1, p. 127, line 15, DOC #26-2. As the district court correctly set forth at sentencing, "that [issue] could be one that would result in a

5

reversal," *id.,* lines 13-14, which is why there was such an extended colloquy regarding this issue during the sentencing, *id.,* pp. 124-131. The appellate authority is in agreement. *United States v. Quinn*, 416 F.Supp.2d 133, 135 (D.D.C. 2006), *appeal held in abeyance,* 475 F.3d 1289 (D.C.Cir. 2007), *quoting* 18 USC § 3143(b)(1)(B) (jury instruction error cannot be "harmless"). Indeed, in light of there having been no verdict form requested by the government regarding the basis for the jury's verdict, whether upon actual knowledge or willful blindness, in a case where scienter is an element of the offense of participation in a conspiracy, any error in the instruction on willful blindness necessitates reversal. *See United States v. Burgos*, 94 F.3d 849, 858-59 (4th Cir. 1996) (*en banc*) (finding of knowledge required).

   Finally, Appellee misrepresents the status of the defense motions regarding the interception of privileged communications relative to the trial below. While an affidavit from DEA Special Agent Cindy Buskey is appended to the government response, and states that SA Buskey is not aware of any such interceptions, DOC # 31-4, the defense motions were not directed to SA Buskey, for she made no representations concerning her knowledge of privileged communications among defense counsel. Rather, they were directed to AUSA Deborah Johnston, who deliberately stated to the district court at Mr. Leahy's sentencing that she knew of the existence, and the contents, of calls involving defense counsel. The government's response cleverly elides Ms. Johnston's knowledge and responsibility for statements she made as an officer of the court, by choosing not to address these contentions directly.

> Government counsel has consulted with the case agents in this matter and as set forth in the attached affidavit of Special Agent Cindy Buskey, the government has not identified any intercepted communications of Gennaro Cariglio, Carmen Hernandez, or Steven Levin. Consequently, there are no intercepted conversations between counsel to disclose and the government could not have relied upon

6

nonexistent intercepted communications in its prosecution of the defendants. DOC # 31-4, at 2. Even if SA Buskey's averments are true, and there is no reason at this point to believe otherwise, those averments do not speak in any way to Ms. Johnston's knowledge, which is the keystone to this issue. As set forth in the defense reply to the government response regarding intercepted communications, appended hereto, what is required is a response from Ms. Johnston, as the record demonstrates either that she has an as-yet undisclosed source of information, or that she deliberately misled the district court at Mr. Leahy's sentencing in making these unfounded and false statements concerning him and his counsel.

In that the record below is yet to be complete on this, Mr. Leahy submits that his prior argument concerning the potential length of the appellate process are all the more well-taken. The district court agreed at sentencing, correctly and appropriately recognizing the potential for Mr. Leahy to serve all or most of his sentence, T. April 1, p. 130, lines 5-11, DOC # 26-2, and the appellate authority supports the validity of this concern. *See United States v. McManus,* 661 F.Supp. 382, 383-384 (D.Md.), *aff'd,* 826 F.2d 1061 (1987), *cert. denied*, 484 1046 (1988); *see also United States v. Banta,* 165 F.R.D. 102, 104 (D.Utah 1996) ("the possibility defendant may serve the imposed sentence of confinement before resolution of his appeal provides an 'exceptional reason' for release;" sentence stayed). Appellee's argument to the contrary, supported by no authority, draws little water, especially when considered in conjunction with its dilatory and incomplete responses.

WHEREFORE, for the foregoing reasons, Appellant, Keegan Leahy, respectfully requests this Honorable Court to grant the following relief

    a) to stay the execution of the sentence imposed on April 1, 2013;

    b) to order his release, on conditions this Court deems to be appropriate, pending the completion of the instant appeal.

Respectfully submitted,

Date: June 28, 2013

          /s/
MICHAEL D. MONTEMARANO

Michael D. Montemarano, P.A.
10630 Little Patuxent Parkway
Suite 146
Columbia, Maryland 21044
(410) 992-0067/Fax 992-6915
Counsel of Record/CJA Counsel
    For Appellant Leahy

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on or before this 28th day of June, 2013, a copy of the foregoing

(1) *Reply to Response to Motion for Release Pending Completion of Appeal;*

was filed and served via CM/ECF on Deborah Johnston and Mara Greenberg, Esqs., Assistant United States Attorneys, 400 U.S. Courthouse, 6500 Cherrywood Lane, Greenbelt, MD 20770.

          /s/
MICHAEL D. MONTEMARANO