IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | No. 14-4357 |
| DANIEL MCINTOSH | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO EXTEND TIME FOR BRIEFING

Comes now Appellant herein, Daniel McIntosh, by and through his counsel, Carmen D. Hernandez, Esq., as appointed counsel pursuant to the CJA, and respectfully moves for an extension of the time for the briefing of this matter. Counsel for the Government takes no position on this request.

1. The Brief of Appellant and Joint Appendix are due on October 20, 2014, per the current briefing order.

2. Counsel for Appellant still is reviewing the approximately 6200-plus pages of transcript, covering 30 days of trial as well as hearing on pre-trial motions, forfeiture, motion for new trial and for judgment notwithstanding the verdict, and sentencing. Counsel's consideration of the mass of material, including materials from the trial docket, relative to the appeal is ongoing, and will require further time. While appellate counsel was trial counsel in this matter, the trial finished in late 2012, and the matter was not appealed until May, 2014. Counsel's memory understandably has dimmed over the intervening year-and-a-half.

3. The foregoing review of the extensive trial transcript was delayed in the three months since the first briefing order set by this court, ECF 24, by counsel's considerable federal criminal trial schedule, through and including an eight defendant trial set to commence in mid-November, 2014, that has drawn attention in the national media. *United States v. Tavon White, et al,* D. Md. No. ELR-13-151. *See* Jeffrey Toobin, "This is My Jail: Where gang members and their female guards set the rules." *The New Yorker*, April 14, 2014. This racketeering case is set to last two months, and the operative scheduling order predates this appeal by over six months. D.Md., No. ELH-13-151, ECF 577, ¶ 14, attached as Exhibit 1.

4. The trial preparation for the *White* case is massive. More than 50 defendants were charged in the initial and superseding Indictments. There are over 60 CDs and DVDs of discovery material, including over 60,000 intercepted wire communications. A jury questionnaire has been sent out by the Clerk of the Court, due to the nature of the case and the pretrial publicity. Counsel will be in court at least four times for pretrial matters during September and October, and multiple deadlines have been set during nearly every week until trial commences. *Id.* Counsel's client has no criminal record, and this trial is of significant import to her life.

5. Undersigned counsel and counsel for Co-Appellant Keegan Leahy, in 13-4273 (L), had sought the consolidation of these appeals during 2013, in light of the considerable appellate experience of Leahy's counsel and that the Appellants had gone to trial together. This would have required only a single JA and a joint brief. They were informed this request would not be honored, and Leahy filed his brief and JA in April, 2014, # 13-4273, ECF 84, 85, less than two months before Mr. McIntosh's appeal was noted.

6. As a result, and due to Leahy's brief and JA having been filed independently, what presently is before this Court for the most part does not include the facts or legal issues relevant to Mr. McIntosh's case. Although the two defendant's were tried together, the evidence as to each was distinct and except for the law enforcement witnesses and one cooperating defendant, most of the witnesses testified only as to one or the other. As alleged by the Government at trial, Mr. McIntosh and Leahy never met or knew each other during the conspiracy; each was located in different geographical areas and performed different roles with Mr. McIntosh residing in Maryland and Leahy in the Midwest and Canada; Mr. McIntosh distributed marijuana in Maryland and recruited a truck driver for the conspiracy whereas Leahy was a pilot who transported money and marijuana for the conspiracy.

7. While the McIntosh appeal is denominated Supplemental to the Leahy appeal, in fact only one of the issues raised by Leahy applies to Mr. McIntosh. The majority of the 40-odd witnesses at trial addressed only Mr. McIntosh, including more than 20 defense witnesses, and the "Supplemental" JA necessarily will be lengthy. In similar fashion, Mr. McIntosh's brief will incorporate by reference but a single argument (or perhaps two) of those raised on behalf of Leahy; fundamentally Mr. McIntosh's brief will need to start from scratch, referencing a completely different factual underpinning from that of Leahy, and referencing several entirely different issues. Indeed, Mr. McIntosh was charged in four counts which did not charge Leahy.

8. During this time, undersigned counsel, who is a solo practitioner, has been representing a number of other defendants in other complex federal conspiracies, with a large number of wiretap evidence both in the District of Maryland and the District of Columbia. Among the more significant cases counsel has been handling are six separate multi-defendant drug

conspiracies (heroin, cocaine and marijuana) involving mandatory minimum quantities; a conspiracy to import cocaine involving a Colombian national; a Hobbs Act robbery involving gang allegations, where a person was killed during the robbery; a RICO conspiracy allegedly involving MS-13, an international gang, involving multiple murder allegations; and an extraterritorial hostage taking case, which is scheduled for sentencing on October 24, 2014. Most of these cases involve multi-defendants and had deadlines set before the Court entered its briefing schedule in the instant case.[1]

9. Mr. McIntosh also has demanded an opportunity to provide materials to counsel for insertion in his brief and to review the brief before it is filed.

10. Counsel for Leahy has expressed a willingness to assist counsel for Mr. McIntosh with the assembly of the JA. It must be noted, however, that counsel for Leahy also is set to go to trial as one of the eight defense counsel in the *White* case referenced, *supra.*

11. Counsel for Appellant therefore requests that the time for briefing be extended, and the due date of the Brief of Appellant and JA be rescheduled to no earlier than November 17, 2014. Counsel further notes that this request, due to the aforementioned cases, each with fixed deadlines referenced, *supra*, may well not be the last such request of this Court by counsel.

12. Mr. McIntosh is serving a sentence of 10 years' imprisonment. Leahy has completed his sentence of incarceration and has been released to a half-way house so that this requested continuance will not prejudice the parties.

13. Counsel has attempted with all due diligence to comply with the Court's briefing schedule but has simply not been able to do so.

---

[1] If the Court wishes to be provided with the case name and number of each of these cases, counsel will provide all the specific information.

4

14. Counsel for Appellant is authorized to state that counsel for the Government takes no position on this request.

Respectfully submitted,

October 19, 2014

/s/
CARMEN D. HERNANDEZ
7166 Mink Hollow Road
Highland, MD 20777
240-472-3391; 301-854-0076 (fax)
Counsel of Record/CJA Counsel
For Appellant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on or before this 19th day of October, 2014, a copy of the foregoing Motion to Extend Time for Briefing was served via CM/ECF, on William Glaser, Esq., Assistant United States Attorney, 6500 Cherrywood Lane, Greenbelt, MD 20770, Appellate Counsel for Appellee, the United States.

/s/
CARMEN D. HERNANDEZ

5